**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

SABAL TRAIL TRANSMISSION, LLC,

        Plaintiff,

vs.                                                    Case No.:    3:16-cv-277-J-34JBT

0.589 ACRES OF LAND IN HAMILTON
COUNTY, FLORIDA, SAMUEL R.
PANILAG, TRUSTEE, et al.,

        Defendants.
_____

SABAL TRAIL TRANSMISSION, LLC,

        Plaintiff,

vs.                                                       Case No.:    3:16-cv-300-J-34PDB

0.7 ACRES OF LAND IN SUWANNEE
COUNTY, FLORIDA, MANUEL
DEGUZMAN, et al.,

        Defendants.
_____

SABAL TRAIL TRANSMISSION, LLC,

        Plaintiff,

vs.                                                       Case No.:    3:16-cv-317-J-34MCR

0.507 ACRES OF LAND IN SUWANNEE
COUNTY, FLORIDA, MARY R. FRIDMAN,
et al.,

        Defendants.
_____/

**ORDER**

These cases are before the Court on Plaintiff Sabal Trail Transmission, LLC's motions for partial summary judgment regarding date of valuation. (Case No. 3:16-cv-277-J-34JBT, Doc. 74; Case No. 3:16-cv-300-J-34PDB, Doc. 78; Case No. 3:16-cv-317-J-34MCR, Doc. 70) ("Motion for Partial Summary Judgment"). The defendant-landowners have responded. (Case No. 3:16-cv-277-J-34JBT, Doc. 89; Case No. 3:16-cv-300-J-34PDB, Doc. 93; Case No. 3:16-cv-317-J-34MCR, Doc. 85) ("Response"). Sabal Trail requests that the Court enter an order establishing that the date of value in these condemnation cases is June 8, 2016, which is the date on which Sabal Trail obtained possession of the properties at issue. Motion for Partial Summary Judgment at 2, 5. The landowners "do not disagree that the date of value should be June 8, 2016." Response at 2. However, the landowners wish to assert that the date of value is June 8, 2016, because Florida law, rather than federal common law, supplies the rule for measuring compensation. See id.

Because the parties agree that June 8, 2016, should be the date of value, the motions for partial summary judgment are due to be granted. The Court also notes, so as to correct any misunderstanding, that the Order of June 15, 2017 – which held that Florida law supplies the rule for measuring compensation – applies to all cases captioned therein, which includes these cases. (E.g., Case No. 3:16-cv-277-J-34JBT, Doc. 63 at 6, ¶ 1) ("Order on the Measure of Compensation"). Consistent with the Order on the Measure of Compensation, the Natural Gas Act adopts Florida's substantive law of "full compensation" "as the federal rule for measuring compensation in these cases." Id.

**I.     Standard**

Under Rule 56, Federal Rules of Civil Procedure (Rule(s)), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The record to be considered on a motion for summary judgment may include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Rule 56(c)(1)(A).[1] An issue is genuine when the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. See Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (quoting Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 919 (11th Cir. 1993)). "[A] mere scintilla of evidence in support of the non-moving party's position is insufficient to defeat a motion for summary judgment." Kesinger ex rel. Estate of Kesinger v. Herrington, 381 F.3d 1243, 1247 (11th Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986)).

The party seeking summary judgment bears the initial burden of demonstrating to the court, by reference to the record, that there are no genuine issues of material fact to be determined at trial. See Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

---

[1] Rule 56 was revised in 2010 "to improve the procedures for presenting and deciding summary-judgment motions." Rule 56 advisory committee's note 2010 Amends.

> The standard for granting summary judgment remains unchanged. The language of subdivision (a) continues to require that there be no genuine dispute as to any material fact and that the movant be entitled to judgment as a matter of law. The amendments will not affect continuing development of the decisional law construing and applying these phrases.

Campbell v. Shinseki, 546 F. App'x 874, 879 n. 3 (11th Cir. 2013). "[A]lthough the interpretations in the advisory committee['s] notes are not binding, they are highly persuasive." Id. Thus, case law construing the former Rule 56 standard of review remains viable and applies here.

3

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citations and quotation marks omitted). Substantive law determines the materiality of facts, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. In determining whether summary judgment is appropriate, a court "must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." Haves v. City of Miami, 52 F.3d 918, 921 (11th Cir. 1995) (citing Dibrell Bros. Int'l, S.A. v. Banca Nazionale Del Lavoro, 38 F.3d 1571, 1578 (11th Cir. 1994)).

## II. Discussion

In these cases, the motions for partial summary judgment do not involve any factual disputes. The only question is purely one of law: what date should be used to determine the value of the properties Sabal Trail is condemning? Both parties agree that the date to be used is June 8, 2016. Motion for Partial Summary Judgment at 2; Response at 2. The only disagreement is whether the date of value derives from federal common law or Florida substantive law. However, as this Court has already ruled, under Georgia Power Co. v. Sanders, 617 F.2d 1112 (5th Cir. 1980) (en banc), the Natural Gas Act incorporates Florida substantive law as the federal rule for measuring compensation. See generally Order on

the Measure of Compensation. Therefore, consistent with Florida law, the date of valuation in these cases will be June 8, 2016.[2]

Accordingly, it is hereby **ORDERED:**

1. Plaintiff Sabal Trail's motions for partial summary judgment regarding date of value (Case No. 3:16-cv-277-J-34JBT, Doc. 74; Case No. 3:16-cv-300-J-34PDB, Doc. 78; Case No. 3:16-cv-317-J-34MCR, Doc. 70) are **GRANTED**. The date of value in these cases will be **June 8, 2016**.

2. Consistent with the prior Order on the Measure of Compensation, the Court clarifies that Florida substantive law supplies the federal rule for measuring compensation under the Natural Gas Act.

**DONE AND ORDERED** at Jacksonville, Florida this 26th day of February, 2018.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies:

Counsel of record

---

[2] Sabal Trail observes that the date of possession (which here is June 8, 2016) would appear to serve as the date of valuation under either federal common law, see Motion for Partial Summary Judgment at 3-4 (citations omitted), or Florida law, id. at 4-5 (citing Dep't of Transp. v. Bd. of Supervisors of St. John's Water Control Dist., 981 So. 2d 605, 606 (Fla. 4th DCA 2008)).